IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIRE GRAY and DOMINIC, MILLER, | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | |
| | : | |
| MOHAN T. RATANCHANDANI, | : | |
| | : | |
| Defendant | : | No. 3:16-CV-00701 |

**BRIEF IN SUPPORT OF DEFENDANT, MOHAN T. RATANCHANDANI'S, MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT REPORT OF ROBERT M. GORDON, Ph.D.**

Defendant hereby moves, in limine, to preclude Robert M. Gordon, Ph.D. from testifying at trial.

## I.  FACTS AND PROCEDURAL HISTORY

This matter arises out of a motor vehicle accident which occurred on May 16, 2014. This Court executed a scheduling order for discovery deadlines on July 13, 2016. On October 27, 2016, this Court granted a motion to extend these discovery deadlines. On January 26, 2017, this Court granted an Order approving a stipulation to again extend discovery deadlines. The final discovery deadlines state Plaintiff's expert reports are due on March 1, 2017, an any supplemental reports due on April 15, 2017.

On October 13, 2017, Plaintiff's counsel served an expert report authored by Robert M. Gordon, Ph.D. Please see Exhibit "A" attached to Defendant's Motion in Limine. This expert

report not only seeks to rebut the report of Defendant's expert, a board certified orthopedic surgeon, but also seeks to add new information regarding Plaintiff, Dominic Miller's mental and emotional state. Said issues were not addressed in any expert report from the Defendant. The Gordon report was produced more than seven months after the agreed upon deadline for Plaintiff's expert reports and approximately six months after the agreed upon deadline for rebuttal reports.

Gordon's report was produced late, is not purely rebuttal as alleged by Plaintiff and exceeds the boundaries of his expertise. His testimony ought to be precluded.

## II. LEGAL ARGUMENT

### A. **Testimony of Dr. Robert M. Gordon should be precluded at the time of trial due to the fact that his report was untimely produced and will unfairly prejudice Defendant.**

Rule 26(2)(D) of the Federal Rules of Civil Procedure states that a party must disclose expert testimony;

(i) at least 90 days before the date set for trial or the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other parties disclosure.

F.R.C.P.(a)(2)(D)

Further, Rule 37(C)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or as harmless.  F.R.E. 37(C)(1)

In interpreting Rule 37, the Court of Appeals for the Third Circuit has been reluctant to approve the exclusion of testimony unless a party has (1) revealed previously undisclosed evidence when trial was either eminent or in progress, or (2) acted in bad faith.  <u>Diflorio v. Nabisco Biscuit Co.</u>, 1995 U.S. Dist. LEXIS 17060 (E.D. Pa. Nov. 13, 1995).

When considering the Rule 37 sanction, the court must consider:

(1) The prejudice or surprise fact of the party against whom the excluded witnesses would have testified,

(2) The ability of that party to cure the prejudice,

(3) The extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and

(4) Bad faith or willfulness in failing to comply with the district court's order.

<u>Meyers v. Penny Pack Woods Home Ownership Ass'n.</u>, 559 F.2d 894 (3d Sir. 1977).

In the instant matter, the expert report of  Dr. Robert M. Gordon was served more than seven months later than the discovery deadlines set by this Court for expert reports.  Further, this report was served approximately six months after the deadline set by this Court for

supplemental reports. Regardless of whether or not this report is classified as a rebuttal, it is well beyond the deadline set by this Court, upon agreement of the parties.

Defendant is unfairly prejudiced by the late submission of Dr. Gordon's report because it has been submitted on the eve of trial. Due to the untimliness of the submission of Dr. Gordon's report, it will not be possible for Defendant to obtain a report rebutting the claims of Dr. Gordon. Therefore, it cannot be classified that this submission is "harmless" under Rule 37. Further, Plaintiff has not given any substantial justification as to why he failed to provide Defendant with the report within the timeframe set by this Court. Plaintiff did not mention Dr. Gordon or his intent to have Dr. Gordon testify prior to the submission of Dr. Gordon's report on October 13, 2017. Therefore, the testimony of Dr. Robert M. Gordon should be precluded at the time of trial.

### B. Dr. Robert M. Gordon's report is not purely rebuttal, as it raises new issues regarding Plaintiff's mental and emotional health.

Dr. Gordon's report cannot be classified as purely rebuttal due to the fact that it discusses issues suffered by the Mr. Miller that Dr. Chiavacci did not address in his report. For example, Dr. Gordon's report discusses Mr. Miller's aggressive behavior and psychiatric history and its causes. Please see Exhibit "A" attached to Defendant's motion. Dr. Chiavacci's report does not reference these issues or drug seeking behaviors as discussed in Dr. Gordon's report. It is not a purely rebuttal report.

The deadlines set by this Court, by agreement of the parties, for the submission of expert reports by the Plaintiff was more than seven months prior to the submission of Dr. Gordon's report.  Under the rules stated above, Plaintiff must show that the failure to submit this report in a timely manner was substantially justified or harmless.  To date, Plaintiff has not offered any justification as to why this report was submitted seven months past the deadline.  Further, due to the fact that this report raises additional issues not addressed by any of Plaintiff's previous reports or the report of Dr. Chiavacci, the findings of Dr. Gordon can certainly not be held to be harmless.  Defendant is unable to obtain an expert to review and possibly rebut the claims of Dr. Gordon due to this late submission.  Therefore, the testimony of Dr. Gordon should be precluded at the time of trial due to its unfair prejudice against the Defendant for having filed the report beyond the deadlines set by this Court.

    C.    **<u>Dr. Gordon's testimony should be precluded at the time of trial due to the fact that he is not qualified to give the opinions stated in his report.</u>**

Under Rule 702 of the Federal Rules of Evidence, when faced with a proffer of expert testimony…the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue.  Federal Rule of Evidence 702 provides as follows:

> If scientific, technical or other specialized knowledge will assist the trier effect to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data,

>    (2) the testimony is the product of reliable principals and methods, and (3) the witness has applied in principles and methods reliably to the facts of the case.

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Pursuant to *Daubert,* the Court must engage in a two step inquiry.  First, the proffered expert must be qualified to express an expert opinion.  Second, the proffered expert opinion must be reliable.  *See Daubert*.  Under this test, psychologists have been precluded from testifying on medical subjects.  See Summers v. Missouri Pacific R.R. Sys., 132 F.3d 599 (10th Cir. 1997) (Concluding that psychologist is not an expert in the field of medicine or toxicology); Mancuso v. Consolidated Edison Co. of NY, Inc., 967 F. Supp. 1437 (S.D.N.Y. 1997) (Holding that a clinical psychologist could not testify as to the cause of a learning disorder because the psychologist had no expertise in the field of medicine).

In the instant case, Dr. Gordon is a psychologist, not a medical doctor.  Please see Exhibit "B" attached to Defendant' motion.  Therefore, his assertions regarding Dr. Chiavacci's opinion as to Mr. Miller's symptom and magnification should be precluded.  Dr. Gordon's assessment in rebutting Dr. Chiavacci's report regarding symptom magnification is a medical diagnosis.  Dr. Gordon's report even states that his conclusions were made "with a reasonable degree of psychological certainty," not medical certainty.  Due to the fact that Dr. Gordon is not a medical doctor, he is not qualified to rebut the claims of a medical doctor on the medical condition of Mr. Miller, much less, the findings of a board certified orthopedic surgeon regarding Mr. Miller's medical conditions.

The late production of Dr. Gordon's report creates even more of an unfair prejudice to the Defendant in that a *Daubert* hearing is necessary in order to determine the qualifications of Dr. Gordon to determine whether he is qualified to testify, and time is short with trial approaching.

While Dr. Gordon may be a qualified psychologist, he is not a qualified medical doctor. The report presents unfair prejudice to the Defendant as well as undue burden on this Court due to the fact that any *Daubert* hearing will likely delay proceedings. Any delay in the proceedings would be solely due to the untimely submission of this expert report. Therefore, Dr. Gordon should be precluded from testifying at trial.

WHEREFORE, Defendant, Mohan T. Ratanchandani, respectfully requests that the Court preclude the testimony of Robert M. Gordon, Ph.D.

                Respectfully submitted,

                MARSHALL DENNEHEY
                WARNER COLEMAN & GOGGIN

By:_____
        John R. Nealon, Esquire
        Attorney I.D. No: PA 87364
        Mark P. Burns, Esquire
        Attorney I.D. No: PA 318813
        P.O. Box 3118
        Scranton, PA 18507-3118
        (570) 496-4600