IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAIRE GRAY and DOMINIC MILLER,  :  <br>  :  <br> Plaintiffs  :  <br>  :  <br> vs.  :  <br>  :  <br> MOHAN T. RATANCHANDANI,  :  <br>  :  <br> Defendant  : | CIVIL ACTION - LAW <br><br><br> No. 3:16-CV-00701 |

PLAINTIFF DOMINIC MILLER'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
PLAINTIFF'S EXPERT REPORT OF ROBERT M. GORDON, Ph.D.

Plaintiff Dominic Miller, by his attorneys, the Foley Law Firm, respectfully represents that Defendant has a three pronged attack to Defendant's motion to preclude Dr. Gordon's report and testimony.

The first issue is that Defendant will be unfairly prejudiced at the time of trial due to Plaintiff's non-compliance with the agreed upon deadlines between counsel. Plaintiff has already submitted a memorandum on this issue which respectfully submits that there is no prejudice to Defendant.

The second issue defense counsel raises is that the findings in Dr. Gordon's report regarding Mr. Miller's aggressive behavior are in no way in response to Defendant's expert report. On the contrary, in the body of his report, Dr. Chiavacci reviewed and relied on the EMS records for the transport to the hospital after MVA 5/16/14 and the Pocono Medical Center Emergency Room records of 5/16/14. The EMS report contains a great deal of reporting that Dr. Chiavacci will be utilizing in his

testimony to justify his opinion that Plaintiff is exaggerating and guilty of symptom magnification concerning his injuries since the EMS report states that he was not complaining of his injuries at the accident scene, but was more interested in using vulgar language and wanting to punch out the Defendant-driver, all of which factors into Mr. Miller's aggressive conduct. It is clear the defense intends to have Dr. Chiavacci comment on the EMS report as a basis to support his opinion.

Dr. Chiavacci also relied on as the basis for his opinion the Pocono Medical Center E.R. record of May 16, 2014, where it is stated under Chief Complaint that Dominic stated that, "He is too agitated now to discern pain when questioned about his injuries", and under Past Medical History, under both Medical History and Psychiatric History, wherein it states "Psychiatric history includes, Notes: mood disorder, explosive disorder, opposition defiant disorder, pervasive developmental disorder, toxic effects of Benzene, and homologues."

Finally, the defense cannot claim surprise since it has had the Lehigh Valley Medical Center records to review which showed that Dominic had sustained a severe head injury and brain bleed coupled with enhanced psychiatric problems following his 2012 injury.

The third issue that Defendant raised is that, under Rule 702 of the Federal Rules of Civil Procedure, while Dr. Gordon may be a qualified psychologist, he is not qualified to give a medical opinion.

Rule 702 of the Federal Rules of Civil Procedure states:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

[2]

  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

  (b) the testimony is based on sufficient facts or data;

  (c) the testimony is the product of reliable principles and methods; and

  (d) the expert has reliably applied the principles and methods to the facts of the case.

Clearly Dr. Gordon, based on his C.V., is qualified to give an opinion on Mr. Miller's psychiatric condition and whether his subjective complaints about his injuries are exaggerated and demonstrate symptom magnification. Dr. Gordon details the factual basis for his opinion. Moreover, Dr. Gordon is not seeking to testify as a medical doctor, but as a psychologist based on his training, study, experience, and testing which is uniformly recognized as valid, as to Dominic Miller's veracity on whether or not he feels pain from his injuries.

It is respectfully suggested that the credibility and weight of Dr. Gordon's testimony is for the jury to determine.

WHEREFORE, Plaintiff Dominic Miller requests that the Defendant's Motion *in Limine* be denied.

           Respectfully submitted,

           FOLEY LAW FIRM

     By: _____
         Thomas J. Foley, Jr., Esquire