# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAIRE GRAY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:16-cv-00701 |
| v. | (SAPORITO, M.J.) |
| MOHAN T. RATANCHANDANI, | |
| Defendant. | |

## MEMORANDUM

Before us is a motion *in limine* by the defendant, Mohan T. Ratanchandani, to preclude an expert witness, Robert M. Gordon, Ph.D., from testifying on behalf of one of the plaintiffs in this matter, Dominic Miller. (Doc. 73). Counsel for Ratanchandani and Miller have briefed the motion (Doc. 74; Doc. 80), and on October 30, 2017, they appeared before the Court to present oral argument on the motion.

On October 13, 2017, several months after the applicable expert report deadlines expired, Miller served Ratanchandani with an expert report in which Dr. Gordon, a clinical and forensic psychologist, offered an opinion that, based on his review of medical records and personal examination of the plaintiff, Miller's subjective complaints were not

exaggerated and did not demonstrate "symptom magnification."[1] (Doc. 73-2). This opinion was offered in rebuttal to the timely served report of defense expert Eugene J. Chiavacci, M.D., in which Dr. Chiavacci, a board-certified orthopedic surgeon, offered his opinion that, based on his personal examination of the plaintiff, Miller's subjective complaints were "very much exaggerated" based on "many signs of symptom magnification on physical examination." (Doc. 72-1, at 4).

The defendant first argues that the Gordon report was untimely produced and admission of this expert testimony into evidence would unfairly prejudice Ratanchandani's defense. In determining whether to exclude testimony due to a party's failure to comply with pretrial disclosure deadlines, we must consider:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994) (quoting

---

[1] "[O]r, less politely, faking." *See McGahey v. Harvard Univ. Felxible Benefits Plan*, 260 F.R.D. 10, 12 (D. Mass. 2009).

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "Evidence is generally not excluded unless 'a party has (1) revealed previously undisclosed evidence when trial was either imminent or in progress, or (2) acted in bad faith.'" *U.S. Bank, Nat'l Ass'n v. Rosenberg*, 180 F. Supp. 3d 347, 354 (E.D. Pa. 2014).

Here, there is nothing to suggest that the plaintiff has acted in bad faith. Dr. Gordon's examination of Miller was conducted on October 7, 2017, and his report was produced six days later. Although the report was served several months after the applicable deadline, a party's lack of diligence does not constitute bad faith. *Paoli*, 35 F.3d at 793.

The factual information upon which Dr. Gordon's opinion is based was previously known to the defendant, so only the opinion itself was newly disclosed on October 13, 2017. We do not find this late disclosure of the Gordon opinion, however, to be unduly prejudicial to the defendant. At the time of its disclosure, more than seven weeks remained until trial, and at the date of this writing, more than a month remains. Although the Gordon opinion was untimely disclosed, we do not find trial in this case to be so imminent that the defendant cannot cure any prejudice by procuring an expert witness to provide a sur-rebuttal opinion, and we will grant

leave for him to do so. We further find that allowing this deviation from our pretrial case management orders will not disrupt the orderly and efficient trial of this or any other case before us.

The defendant next argues that Dr. Gordon's report goes beyond mere rebuttal of Dr. Chiavacci's opinion because it discusses Miller's psychiatric history and the absence of factors that might suggest malingering, which were not discussed by Dr. Chiavacci in his report. Ultimately, however, the opinion offered by Dr. Gordon is that Dr. Chiavacci's opinion that Miller's "subjective complaints are very much exaggerated and demonstrate symptom magnification" is incorrect, and these aspects of Gordon's report merely describe the basis for his ultimate opinion as an expert clinical and forensic psychologist that Miller has not exaggerated or magnified his symptoms.

Finally, the defendant argues that Dr. Gordon is not qualified to offer a rebuttal opinion to Dr. Chiavacci's opinion because Dr. Gordon is a psychologist and Dr. Chiavacci is a medical doctor. The defendant characterizes Dr. Chiavacci's opinion on "symptom magnification" as a medical opinion, upon which a psychologist is not qualified to comment. The plaintiff, on the other hand, characterizes Dr. Chiavacci's opinion as a

psychological opinion, upon which a psychologist is clearly (and perhaps better) suited to comment. Meanwhile, we note that court decisions suggest that such testimony may be best characterized as a credibility determination, ordinarily reserved to the jury. *See Kidd v. Wal-Mart Stores, Inc.*, Civil Action No. 3:09CV264, 2009 WL 3805584, at *2 (E.D. Va. Nov. 12, 2009) (excluding physician opinions on symptom magnification because "[s]uch testimony far too easily invades the province of the jury or comments on the credibility of the Plaintiff"); *Weidman v. Colvin*, 164 F. Supp. 3d 650, 690 n.15 (M.D. Pa. 2015) (citing *Kidd* with approval in the margin); *see also Coney v. NPR, Inc.*, 312 Fed. App'x 469, 474 (3d Cir. 2009) ("A doctor . . . cannot pass judgment on the [examinee's] truthfulness in the guise of a medical opinion, because it is the jury's function to decide credibility.") (quoting another source) (ellipsis in original).

The plaintiff has not objected to the admissibility of Dr. Chiavacci's opinion on this point. We find Dr. Gordon, a clinical and forensic psychologist, to be at least equally qualified to offer an expert opinion on the issue of symptom magnification as Dr. Chiavacci, an orthopedic surgeon. *See, e.g., Kidd*, 2009 WL 3805584, at *3 (finding insufficient evidence to establish whether physician experts possessed sufficient

*psychological* expertise to offer expert testimony on symptom magnification).

Accordingly, the defendant's motion *in limine* to preclude expert testimony by Robert M. Gordon, Ph.D., on behalf of plaintiff Dominic Miller (Doc. 73) will be denied.

An appropriate Order will follow.

Dated: November 1, 2017

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge